**Danny HOLLOWAY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A05–1011–CR–703.**

Court of Appeals of Indiana.

June 17, 2011.

Darren Bedwell, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Karl M. Scharnberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Danny Holloway was charged with six felonies and agreed to plead guilty to Class B felony burglary.[1] The plea agreement provided his initial executed sentence would be capped at ten years. The trial court sentenced him to sixteen years with ten years executed, six years suspended, and five years of probation. As the sentence was not inappropriate, we affirm.

### FACTS AND PROCEDURAL HISTORY

In July of 2010, Holloway broke into the home of a woman who knew him. She was on a mattress on the floor with her three children and woke up when she felt someone touching her inside her jeans. She thought it was one of the children and pushed the hand away. She then felt her pants being pulled down. She saw Holloway kneeling at her side, and he then fled.

The State charged Holloway with six counts. He agreed to plead guilty to Class B felony burglary, the State agreed to drop the other charges, and the agreement capped the executed portion of his sentence at ten years, which is the advisory

---

1. Ind.Code § 35–43–2–1.

sentence for a Class B felony. *See* Ind. Code Ann. § 35–50–2–5 ("A person who commits a Class B felony shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years.").

The plea agreement Holloway signed included a waiver of Holloway's right to appeal the sentence. However, at a combined guilty plea and sentencing hearing, the trial court erroneously told him he could appeal his sentence. The State did not object when the trial court made that statement.

## DISCUSSION AND DECISION

■ The boilerplate language of Holloway's plea agreement included a waiver of his right to appeal the sentence as long as it was within the terms of the plea agreement, and Holloway initialed that provision. But the trial court explicitly told Holloway at least twice at his combined guilty plea and sentencing hearing that Holloway could appeal his sentence. *See, e.g.,* Tr. at 12 ("By pleading guilty and not going to trial, you give up your right to a direct appeal of the conviction but if you think my sentence is inappropriate or illegal, you can appeal the sentence alone.") Immediately afterward, the court asked the State "can you think of any right or advisement I omitted during my discussion with [Holloway]?" and the State replied "no." (*Id.*)

Despite the judge's statements and the State's acquiescence to them, the State now asks us to hold Holloway waived his right to appeal the sentence. We decline, as we consistently have in such situations, to hold there was a knowing and voluntary waiver.

In *Bonilla v. State,* 907 N.E.2d 586 (Ind. Ct.App.2009), *trans. denied,* the State argued, as it does here, that Bonilla waived the right to appeal the appropriateness of his sentence because there was a waiver provision in his plea agreement. We noted our Indiana Supreme Court's holding in *Creech v. State* that a defendant may waive the right to appellate review of his sentence as part of a written plea agreement. 887 N.E.2d 73, 75 (Ind.2008). There, the judge advised Creech at the close of the sentencing hearing that he retained the right to appeal. The Court held the trial court's statement was "not grounds for allowing Creech to circumvent the terms of his plea agreement," *id.* at 76, because "[b]y the time the trial court erroneously advised Creech of the possibility of appeal, Creech had already pled guilty and received the benefit of his bargain. Being told at the close of the hearing that he could appeal presumably had no effect on that transaction." *Id.* at 77.

We distinguished *Creech,* noting the court advised Bonilla at the guilty plea hearing, and again at his sentencing hearing, that he had a right to appeal. "This advisement occurred . . . before Bonilla received the benefit of his bargain. . . . In light of the contradictory and confusing information Bonilla received at his guilty plea hearing . . . we conclude that he did not waive the right to appeal his sentence." 907 N.E.2d at 590.

We applied the same reasoning in *Ricci v. State,* 894 N.E.2d 1089 (Ind.Ct.App. 2008), *trans. denied.* Ricci's plea agreement provided he waived his right to appeal or challenge his sentence. But at the guilty plea hearing, the trial court advised Ricci he had the right to appeal his sentence, and neither the prosecutor nor the defense spoke up:

> Given these circumstances, we may confidently say that the trial court accepted the plea agreement, and the prosecuting attorney, the defense attorney, and Ricci entered into the plea agreement with the understanding that Ricci retained

the right to appeal his sentence. Accordingly, we conclude that paragraph 2V is a nullity, and Ricci has not waived the right to appeal his sentence.

*Id.* at 1093–94.

The trial court's advisement that Holloway had the right to appeal occurred at his combined guilty plea and sentencing hearing, before Holloway received the benefit of his plea bargain, so *Ricci* and *Bonilla* control. Holloway did not knowingly and intelligently waive his right to appeal his sentence and we accordingly will address his argument the sentence is inappropriate.[2]

■ We cannot, however, find Holloway's sentence inappropriate. Although the trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence through Indiana Appellate Rule 7(B). We consider two factors under Rule 7(B): the nature of the offense and the character of the offender. *Reid v. State,* 876 N.E.2d 1114, 1116 (Ind.2007). The burden is on the defendant to persuade us that his or her sentence is inappropriate. *Bonilla,* 907 N.E.2d at 590. We consider any factors appearing in the record that fit into those categories. *See Roney v. State,* 872 N.E.2d 192, 206 (Ind.Ct.App.2007), *trans. denied.*

■ When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State,* 868 N.E.2d 482, 494 (Ind.2007), *clarified on reh'g* 875 N.E.2d 218 (Ind.2007). The advisory sentence for a Class B felony is ten years, with a range of six to twenty years, Ind.Code § 35–50–2–5, and Holloway's executed time was capped at ten years.

■ One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defen-

**2.** The State acknowledges *Bonilla* and *Ricci,* but urges us to overrule those holdings. We decline to do so, and instead explicitly reaffirm the reasoning in those decisions. Holloway did not waive his right to appeal his sentence.

Likewise, we address the State's argument on appeal even though, at trial, the State chose not to challenge the court's statements regarding Holloway's right to appeal his sentence. *See, e.g., Baxendale v. Raich,* 878 N.E.2d 1252, 1254, n. 2 (Ind.2008) (party who advised trial court that special findings were unnecessary was estopped from arguing on appeal that the trial court erred in not entering findings); *Wright v. State,* 828 N.E.2d 904, 907 (Ind.2005) (applying doctrine of invited error to preclude the State from arguing on appeal that trial court erred in merging convictions for burglary and theft, where trial court did so on the State's recommendation); *Witte v. Mundy,* 820 N.E.2d 128, 133–34 (Ind.2005) (under the judicial doctrine of invited error, which is based on estoppel, a party may not take advantage of an error that it invites). We choose to address the merits of the State's argument even though the State appears to have "invited" the trial court actions of which it now complains.

In its brief, the State asserts Holloway's "silence while the trial court made a clearly erroneous recitation of the terms of the agreement could be construed as an intentional act to obtain a windfall," (Br. of Appellee at 9 n. 7), in the form of an opportunity to appeal his sentence. The State urges us to find his appeal "under these circumstances should be construed as a breach of the plea agreement," (*id.*), which breach would permit the State to reopen the case and reinstate the additional charges against Holloway.

We decline to do so. The State does not acknowledge in this argument that it was just as "silent" as Holloway at that point in the trial, and we decline to offer the State the "windfall" it appears to be seeking in the form of an opportunity to avoid the plea agreement and prosecute Holloway for additional offenses.

dant that makes it different from the "typical" offense accounted for by the legislature when it set the advisory sentence. *Rich v. State*, 890 N.E.2d 44, 54 (Ind.Ct. App.2008), *trans. denied.* Holloway entered the victim's home while she was sleeping on a mattress with her children and tried to remove her jeans. We cannot say his offense was so much less egregious than a "typical" burglary that his sentence is inappropriate.

When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind.Ct.App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Holloway's record is extensive. It includes three juvenile offenses, fifteen adult convictions, and three probation revocations. We acknowledge, as did the trial court, Holloway's guilty plea and acknowledgement of responsibility, but we cannot find his sentence inappropriate in light of his character.

Based on Holloway's character and the nature of his offense, we cannot hold the sentence inappropriate. Accordingly, we affirm the decision of the trial court.

Affirmed.

BAKER, J., and BRADFORD, J., concur.