**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**THOMAS G. GODFREY**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RODNEY D. BLEDSOE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1105-CR-442 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable Thomas L. Clem, Judge
Cause No. 48D05-1002-FD-52

**April 23, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Rodney D. Bledsoe appeals as inappropriate the two years of executed time the court ordered him to serve for Class C misdemeanor operating a vehicle while intoxicated,[1] Class C infraction driving left of center,[2] Class D felony possession of cocaine,[3] and Class A misdemeanor possession of marijuana.[4] We affirm.

## FACTS AND PROCEDURAL HISTORY

Around 2:00 a.m. on February 14, 2010, police in Madison County, Indiana, noticed the vehicle Bledsoe was driving appeared to be out of control and nearly went off the roadway. Police stopped Bledsoe for traveling left of center and failing to signal a turn. They noticed Bledsoe smelled of alcohol and burnt marijuana, and they saw an open bottle of vodka on the floorboard of the back seat. Officers patted down Bledsoe and found a bag of cocaine and marijuana.

The State charged Bledsoe with Class A misdemeanor operating a vehicle while intoxicated in a manner that endangers a person,[5] Class C misdemeanor operating a vehicle while intoxicated, Class C infraction driving left of center, Class D felony possession of cocaine, and Class A misdemeanor possession of marijuana. At a dispositional hearing on December 6, Bledsoe pled guilty to operating while intoxicated, driving left of center, possession of cocaine, and possession of marijuana.

Bledsoe's plea agreement provided his sentence was open, but it capped the executed

---

[1] Ind. Code § 9-30-5-1(c).
[2] Ind. Code § 9-21-8-2 (requiring use of right half of roadway); Ind. Code § 9-21-8-49 (defining violation of Ind. Code § 9-21-8-2 as a class C infraction).
[3] Ind. Code § 35-48-4-6(a).
[4] Ind. Code § 35-48-4-11(1).
[5] Ind. Code § 9-30-5-2(b).

time at twenty-four months. Bledsoe requested the court order his sentence served at a local facility where he could receive health care from his physician. At the sentencing hearing on May 2, 2011, the court noted Bledsoe had an "extensive [criminal] history" which included juvenile theft crimes and escalating drug crimes during adulthood, and sentencing to local programs, such as probation, had failed in the past. (Tr. at 22.) The court found aggravating circumstances in the manner in which Bledsoe accumulated his criminal history, beginning with numerous juvenile crimes that would have amounted to theft if he committed them as an adult, then during adulthood maturing into consistently escalating felonies involving drugs. That the present crime was a repeat of past criminal episodes was also an aggravating factor. The court found only one mitigator -- that Bledsoe "own[ed] up to [his crime]." (*Id*. at 24.) The court imposed a sentence of two years executed at the Department of Correction and one year of probation.

## DISCUSSION AND DECISION

An appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). In our review, "we must and should exercise deference to a trial court's sentencing decision . . . ." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). "The defendant has the burden of persuading us that his sentence is inappropriate." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008).

Bledsoe acknowledges the nature of his offenses warrants punishment, but he claims

3

the Department of Correction is not an appropriate location to execute his sentence in light of his health issues that require monitoring by his physician. Bledsoe has not demonstrated his sentence is inappropriate in light of his character and offense.

The "location where a sentence is to be served is an appropriate focus for application of our review and revise authority." *Id*. However, "it will be quite difficult for a defendant to prevail on a claim that the placement of his sentence is inappropriate[,] because the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather the question is whether the sentence imposed is inappropriate." *Id*. at 267-68 (emphasis in original). Accordingly, a defendant must convince us that the given placement is itself inappropriate. *Id*. at 268.

To support his contention his character warrants a change in placement, Bledsoe presented evidence of his health issues, which include HIV and bipolar disorder. However, when we consider the character of the offender, "one relevant fact is the defendant's criminal history." *Holloway v. State*, 950 N.E.2d 803, 807 (Ind. Ct. App. 2011). The significance of a criminal history depends on the "gravity, nature, and number of prior offenses in relation to the current offense." *Id*. Bledsoe has a history of escalating offenses related to drug abuse and, as the trial court noted, "this is a repeat of those very criminal episodes[.]" (Tr. at 24.) The trial court also noted Bledsoe had been sentenced to local programs in the past, but ultimately ended up in the Department of Correction "as a result of [Bledsoe's] inability to comply with local sentencing." (*Id*. at 23-24.) "As a practical matter, trial courts know the feasibility of alternative placements in particular counties or communities." *Fonner v. State*,

4

876 N.E. 2d 340, 344 (Ind. Ct. App. 2007). In light of the evidence of Bledsoe's prior failures in local sentencing, we will not disturb the decision to place Bledsoe in the Department of Correction.

Because we are not convinced Bledsoe's sentence is inappropriate, we affirm.

Affirmed.

CRONE, J., and BROWN, J., concur.