**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 05 2013, 5:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RYAN P. DILLON**
Dillon Legal Group, P.C.
Franklin, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ZACHARIAH GALYAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  55A01-1303-CR-140 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MORGAN SUPERIOR COURT
The Honorable Jane Spencer Craney, Judge
Cause No. 55D03-1210-FD-1503

**August 5, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

The appellant-defendant, Zachariah Galyan, challenges the appropriateness of the three-year sentence that was imposed following his conviction for Intimidation,[1] a class D felony. We find that Galyan's prior criminal record, including the fact that he was on probation when he committed the offense, and the fear that he imparted to the victim and his family justifies this sentence. Thus, we affirm the trial court's judgment.

FACTS

On October 16, 2012, Galyan was arrested for public intoxication. While in a holding cell at the jail, Galyan indicated to one of the officers that he wanted to speak with him. Galyan informed the officer that he was in jail because of the Chief Deputy. More particularly, Galyan told the officer that he knew where the Chief Deputy lived, and when he was released, he was going to "beat" the Chief Deputy's "ass." Tr. p. 9. The officer knew that the Chief Deputy lived only a few hundred yards from Galyan and would see Galyan on a daily basis. Thus, the officer notified the Chief Deputy of Galyan's threat. As a result, the Chief Deputy subsequently adjusted his home security cameras. The Chief Deputy's wife, who also worked in law enforcement, began carrying a firearm while she was performing yard work. Galyan acknowledged that his threat likely caused alarm to the Chief Deputy and his family.

Galyan was charged with two counts of intimidation. He pleaded guilty to one count in exchange for the State's dismissal of the other charge. Galyan was later

---

[1] Ind. Code § 35-45-2-1.

sentenced to three years of incarceration and he now appeals, challenging the appropriateness of the sentence.

## DISCUSSION AND DECISION

In addressing Galyan's claim, we may revise his sentence only if, after due consideration of the trial court's decision, the sentence is "inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). It is the defendant's burden to persuade us that the sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006). One relevant factor is the defendant's criminal history. Holloway v. State, 950 N.E.2d 803, 807 (Ind. Ct. App. 2011).

In this case, Galyan's criminal record included juvenile adjudications for burglary, dangerous possession of a firearm, and theft in one case, possession of a controlled substance in another case, and theft in a third case. As an adult, Galyan was convicted of residential burglary, a class B felony, in 2010. When Galyan committed the intimidation offense, he was in violation of the terms of his probation. Galyan testified at his sentencing hearing that he had abused alcohol and illegal drugs. Tr. p. 21. Both Galyan's trial counsel and the trial court noted that Galyan displayed an attitude at the hearing suggesting that he did not take the proceedings seriously. Id. at 32. Moreover, although Galyan acknowledged the need to apologize to the Chief Deputy, he never did. Id. at 24.

In light of these circumstances, we find that the three-year sentence, which is the maximum term for a class D felony,[2] is not inappropriate under Indiana Appellate Rule 7(B). Galyan's prior criminal history, including the fact that he was on probation when he committed the instant offense, coupled with the fear that he imparted to the Chief Deputy and his family, justifies the sentence. See Bailey v. State, 979 N.E.2d 133, 143 (Ind. 2012) (observing that the defendant, while on probation for a similar offense, along with a lengthy criminal history that included eleven prior adult convictions, justified the imposition of a two-year sentence for domestic battery).

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.

---

[2] Ind. Code section 35-50-2-7 provides that the sentencing range for a class D felony is from six months to three years, with an advisory sentence of one-and-one-half years.