# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 18 2018, 6:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Kelly A. Loy
Supervising Deputy Attorney
General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gramm Webster Smith, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 18, 2018 <br><br> Court of Appeals Case No. 18A-CR-1105 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Steven P. Meyer <br><br> Trial Court Cause No. 79D02-1801-F5-8 |

**Kirsch, Judge.**

[1]     Following his guilty pleas to Criminal Confinement and Domestic Battery in the Presence of a Minor, Gramm Smith was sentenced to five (5) years, with

four (4) years to be served at the Indiana Department of Correction and one (1) year on community corrections. Contending that his sentence is inappropriate, he now appeals.

[2] We affirm.

## Facts and Procedural History

[3] On the evening of January 6, 2018, Smith, his girlfriend, T.F., and their two children, were visiting a residence when Smith and T.F. began to argue. T.F. went to the car to move the child car seats, and Smith pushed her into the rear passenger seat and began to drive. T.F. yelled for Smith to let her out, and T.F. eventually got out of the car and ran back to the residence. Smith followed her into the residence, argued with her, and shoved her down. He then grabbed a knife and threatened to kill everyone if anyone called the police.

[4] When the police arrived, Q.S., Smith's and T.F's seven-year-old child, told the police that he saw Smith push his mom down, that Smith said he would kill everyone in the house, and that he saw Smith retrieve a knife from the kitchen.

[5] The State charged Smith with Count 1, kidnapping, a Level 5 felony; Count 2, criminal confinement, a Level 5 felony; Count 3, intimidation, a Level 5 felony; and Count 4, domestic battery in the presence of a minor, a Level 6 felony. Smith pleaded guilty to Count 2 and Count 4, pursuant to a written plea agreement, and the remaining counts were dismissed.

[6] The trial court found the following mitigating factors: 1) Smith pled guilty, 2) long term imprisonment could result in an undue hardship on Smith's children, 3) and Smith's mental health issues. The trial court found the following aggravating circumstances: 1) Smith's overall character, 2) Smith violated the no-contact order over 600 times, 3) Smith's criminal history, 4) Smith committed the instant offense while on probation, 5) Smith's ongoing gang affiliation, and 6) the seriousness of the offense. The trial court found that the aggravators outweighed the mitigators and sentenced Smith to an aggregate sentence of five years with one year of community service and imposed a no contact order.

## Discussion and Decision

[7] On appeal, Smith argues that that his sentence is inappropriate. In support of his contention, Smith notes that his sentence is two years above the advisory sentence for a Level 5 felony, that a majority of that time was ordered to be executed in prison and that his offense is not more egregious than the "typical" offense to which he pleaded guilty. He also contends that his offense may have been the product of mental illness, for which he is willing to obtain treatment. Finally, Smith also states that he pleaded guilty and took responsibility for his actions and that, while he has criminal history, none relates to domestic violence.

[8] Indiana Appellate Rule 7(B) grants appellate courts the authority to "revise a sentence authorized by statute if, after due consideration of the trial

court's decision, [this] Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We do not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate; rather, the test is whether the sentence is "inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). A defendant bears the burden of persuading this Court that his sentence meets the inappropriateness standard. *Anglemyer v. State*, 868 N.E.2d 482, 490 (2007).

[9] At sentencing, Smith expressed remorse for his actions and apologized to the victim. Prior to this offense, Smith held steady employment, and a lengthy prison sentence will result in a hardship on his children, whom he cannot support while incarcerated.

[10] In considering the nature of the offenses, "the advisory sentence is the starting point the Legislature has selected as an appropriate sentence." *Id.* at 494. When determining the appropriateness of a sentence that deviates from an advisory sentence, we consider whether there is anything more or less egregious about the offense as committed by the defendant that "makes it different from the typical offense accounted for by the legislature when it set the advisory sentence." *Holloway v. State,* 950 N.E.2d 803, 807 (Ind. Ct. App. 2011).

[11]     In light of both the nature of the offense and his character, Smith's five-year sentence with one year in community corrections for a Level 5 felony criminal confinement and a Level 6 felony domestic battery is not inappropriate.  The circumstances surrounding Smith's offenses are troubling.  His offenses were committed in the presence of children.  He threatened T.F. with a knife and threatened to kill everyone in the residence.  While in jail, Smith repeatedly violated a no contact order and placed more than 100 telephone calls to T.F.  Smith threatened and manipulated his victim while awaiting trial, is a continued danger to his family and the community, and has repeatedly failed to follow through with medication.

[12]     Smith's juvenile history includes the crimes of false informing, burglary, conspiracy to commit burglary, and theft in 2006. His criminal history includes a class B felony conviction for burglary and carrying a handgun without a license in 2011 in which he was sentenced to six years in the Department of Correction.  In 2011, Smith was again convicted of burglary and sentenced to 10 years with 4 years on probation.  Finally, Smith was on probation when he committed the instant offenses.

[13]     After examining the nature of Smith's offenses and Smith's character, we conclude that the sentence imposed by the trial court is not inappropriate.

[14]     Affirmed.

Vaidik, C.J., and Riley, J., concur.