

FILED

Sep 17 2020, 8:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Frederick Obryan McFarland, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | September 17, 2020 <br><br> Court of Appeals Case No. 20A-CR-808 <br><br> Appeal from the Vanderburgh Superior Court <br><br> The Honorable Robert J. Pigman, Judge <br><br> Trial Court Cause No. 82D03-1712-F3-7410 |

**Kirsch, Judge.**

[1]     Frederick Obryan McFarland ("McFarland") pleaded guilty to four counts of resisting law enforcement, three as Level 3 felonies[1] and one as a Level 5

---

[1] *See* Ind. Code § 35-44.1-3-1(a)(1), (b)(3).

felony.[2]  He was sentenced to concurrent fifteen-year terms on the three Level 3 felonies and to a concurrent five-year term on the Level 5 felony, for an aggregate sentence of fifteen years executed.  McFarland appeals and raises the following restated issue for our review:  whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2]  We affirm.

## Facts and Procedural History

[3]  On November 29, 2017, officers with the Evansville Police Department attempted to initiate a traffic stop of McFarland.  *Appellant's App. Vol. II* at 27. McFarland did not stop when the officers activated their lights and sirens.  *Id.* Instead, he fled from the officers, driving in excess of the speed limit and running several stop signs.  *Id.*  As McFarland led the officers in pursuit of him through city streets, he disregarded another stop sign and collided with a vehicle that had the right-of-way.  *Id.*  After the collision, McFarland exited his vehicle from the passenger side and was found lying beside the driver's side door.  *Id.*

[4]  The vehicle McFarland struck was occupied by four individuals, a family consisting of two adults and two children.  *Id.*  As a result of the collision, the two adult occupants of the vehicle were transported to St. Vincent's Hospital (the "Hospital") for treatment.  *Id.*  The two child occupants of the vehicle, a

---

[2] *See* Ind. Code § 35-44.1-3-1(a)(1), (b)(2).

two-year-old girl and an infant boy, both died as a result of their injuries. *Id.* The children's mother, who was also pregnant at the time, survived along with her unborn child. *Tr. Vol. II* at 47-48. However, the children's father later died as a result of his injuries. *Appellant's Conf. App. Vol. II* at 42. McFarland was transported to the Hospital where he was treated for his injuries and also tested positive for cannabinoids. *Appellant's App. Vol. II* at 27.

[5]　On December 1, 2017, McFarland was charged with two counts of resisting law enforcement as Level 3 felonies, two counts of resisting law enforcement as Level 5 felonies, and with being a habitual offender. *Id.* at 21-25. On January 2, 2018, the State amended the charging information to three counts of resisting law enforcement as Level 3 felonies because of the father's subsequent death from his injuries and one count as a Level 5 felony. *Appellant's Conf. App. Vol. II* at 44-46. On August 17, 2018, the State filed a motion to amend the habitual offender charging information. *Appellant's App. Vol. II* at 63. On August 20, 2018, McFarland filed a motion to dismiss the habitual offender enhancement, which the trial court granted. *Id.* at 10, 100-01. On August 28, 2018, the State filed a motion to certify for interlocutory appeal the trial court's order dismissing the habitual offender enhancement, which the trial court granted. *Id.* at 113-15. On October 10, 2019, this court affirmed the trial court's dismissal of the habitual offender enhancement. *See State v. McFarland*, 134 N.E.3d 1027 (Ind. Ct. App. 2019), *trans. denied*.

[6]　On November 13, 2019, McFarland pleaded guilty to three counts of resisting law enforcement as Level 3 felonies and one count of resisting law enforcement

as a Level 5 felony. *Appellant's App. Vol. II* at 14; *Tr. Vol. II* at 7-13. A presentence investigation report ("PSI") was prepared. *Appellant's Conf. App. Vol. II* at 172-93. The PSI showed that McFarland was out on bond for charges of carrying a handgun without a license as a Level 5 felony and dealing in marijuana as a Level 5 felony at the time he committed the instant offenses. *Id.* at 180. McFarland's criminal history also included: (1) a conviction in 2016 for public intoxication as a Class B misdemeanor; (2) a conviction in 2014 for carrying a handgun without a license as a Class A misdemeanor and possession of marijuana as a Class B misdemeanor; (3) a conviction in 2013 for carrying a handgun without a license as a Class C felony, for which his probation was revoked; (4) a conviction in 2012 for carrying a handgun without a license as a Class A misdemeanor, for which he was later found in contempt of court; (5) a conviction in 2011 for dealing in marijuana as a Class A misdemeanor; (6) a conviction in 2010 for theft as a Class D felony, which was reduced to a Class A misdemeanor due to McFarland's successful completion of probation; and (7) a conviction in 2009 for a dog bite causing bodily injury to another person as a Class C misdemeanor, for which he was later found in contempt of court. *Id.* at 180-83. McFarland had one child, who was two months old when McFarland was taken into custody. *Id.* at 177; *Tr. Vol. II* at 42. The PSI also showed that McFarland, who was twenty-six at the time of the offense, first used marijuana at age sixteen, used marijuana daily by age eighteen, and at the time of the instant offense was smoking "2 to 4 'blunts' per day." *Appellant's Conf. App. Vol. II* at 177.

[7]     On March 4, 2020, the trial court held the sentencing hearing. *Appellant's App. Vol. II* at 15. At the outset, the trial court again advised McFarland of his rights, determined that McFarland's guilty plea was knowing and voluntary, and accepted the guilty plea. *Tr. Vol. II* at 34-38. In mitigation, the trial court found that McFarland's guilty plea saved the victims' family the "horrendous ordeal" of going through a jury trial. *Id.* at 51. The trial court found that the nature and the circumstances of the crime, which resulted in the death of three individuals, including two young children, and that the fourth individual was seriously injured, was an aggravating circumstance. *Id.* Also, in aggravation, the trial court identified McFarland's criminal history, including the fact that McFarland had failed other community corrections programs designed to help him and that he was out on bond when he committed the instant offenses. *Id.* The trial court determined that the aggravators outweighed the mitigators and sentenced McFarland to concurrent fifteen-year terms on the three counts of resisting law enforcement as Level 3 felonies and concurrent to those sentences a five-year term on the count of resisting law enforcement as a Level 5 felony for an aggregate sentence of fifteen years. *Id.*; *Appellant's App. Vol. II* at 15-16, 194. The trial court ordered that the sentences be executed in the Indiana Department of Correction. *Id.* McFarland now appeals.

## Discussion and Decision

[8]     McFarland contends that his sentence is inappropriate and requests that we reduce his sentence to concurrent nine-year sentences on his Level 3 felony convictions and a concurrent three-year sentence on his Level 5 felony

conviction for an aggregate sentence of nine years. Under Indiana Appellate Rule 7(B), we may revise a sentence if, after due consideration of the trial court's decision, we find the sentence inappropriate considering the nature of the offense and the character of the offender. Whether a sentence is inappropriate turns on the culpability of the defendant, the severity of the crime, the damage done to others, and other factors that come to light in a given case. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). We defer to the trial court's decision, and our goal is to determine whether an appellant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). In reviewing a sentence, we seek to leaven the outliers rather than to achieve a perceived correct result in each case. *Cardwell*, 895 N.E.2d at 1225.

[9] McFarland acknowledges the tragic nature of his offense but contends that his "profound remorse" for the crimes and that the three deaths were accidental should result in his requested downward revision of his aggravated sentences. *Appellant's Br.* at 12. The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012). The sentencing range for a Level 3 felony is a fixed term of imprisonment between three and sixteen years, with the

advisory sentence being nine years. Ind. Code § 35-50-2-5(b). The sentencing range for a Level 5 felony is a fixed term of imprisonment of between one and six years, with the advisory sentence being three years. Ind. Code § 35-50-2-6(b). Here, McFarland's sentences were all above the advisory sentence but were not the maximum sentence he could have received.

[10] The nature of the offense compares the defendant's actions with the required showing to sustain a conviction under the charged offense. *Cardwell*, 895 N.E.2d at 1224. "When determining the appropriateness of a sentence that deviates from an advisory sentence, we consider whether there is anything more or less egregious about the offense as committed by the defendant that 'makes it different from the typical offense accounted for by the legislature when it set the advisory sentence.'" *Moyer v. State*, 83 N.E.3d 136, 142 (Ind. Ct. App. 2017) (quoting *Holloway v. State*, 950 N.E.2d 803, 807 (Ind. Ct. App. 2011)), *trans. denied*. Here, after police officers attempted to initiate a traffic stop of McFarland and activated their lights and sirens, McFarland sped away from the officers in excess of the speed limit and ran through several stop signs. *Appellant's App. Vol. II* at 27. As the officers pursued him, McFarland disregarded another stop sign and collided with a vehicle that had the right-of-way. *Id*. The vehicle was occupied by four individuals, two adults and their two young children, a two-year-old girl and an infant boy. *Id.* Both children died. *Id.* The children's father also later died as a result of his injuries. *Id.* at 42. The children's mother suffered injuries and was pregnant when the accident occurred, although both she and her unborn child survived. *Id.* at 27; *Tr. Vol. II*

at 47-48. In addition to his flight from police officers and disregard for traffic signals, it was later determined that McFarland had cannabinoids in his system at the time of the offense. *Appellant's App. Vol. II* at 27. Thus, McFarland's offense was sufficiently egregious to justify a deviation from the "typical" offenses of Level 3 felony and Level 5 felony resisting law enforcement. *See Moyer*, 83 N.E.3d at 142.

[11] As to his character, McFarland acknowledges his criminal history but argues that it should not be used against him to find that his character is "wanting." *Appellant's Br.* at 11. The character of the offender permits a broader consideration of the defendant's character. *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013). When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013).

[12] Here, the evidence showed that McFarland's criminal history began when he was eighteen years of age. *Appellant's App. Vol. II* at 183. Omitting the instant offenses to which McFarland pleaded guilty, his criminal history is extensive and includes three prior felony convictions along with numerous misdemeanor convictions. *Id.* at 180-83. At the time McFarland committed the instant offenses, he was out on bond for carrying a handgun without a license as a Level 5 felony and dealing in marijuana as Level 5 felony. *Id.* at 180; *Tr. Vol. II* at 51. In addition, at sentencing, the trial court noted that McFarland had "failed other community correction programs that were designed to help [him] get back on the right path" and not be involved in criminal behavior but he

continued to commit new offenses. *Tr. Vol. II* at 51. In fact, McFarland has been convicted on four separate occasions of carrying a handgun without a license and on two separate occasions for dealing in marijuana. *Appellant's Conf. App. Vol. II* at 180-83. Indeed, prior attempts at rehabilitation have failed and McFarland's criminal history includes probation violations and contempt of court, which shows that he has not changed his behavior. Moreover, the instant offense represents an increase in severity from his prior convictions, which reflects poorly on his character. We cannot say that McFarland has shown "substantial virtuous traits or persistent examples of good character" such that his requested reduction of his sentence is warranted based on his character. *Stephenson*, 29 N.E.3d at 122. Therefore, McFarland has not shown that his sentence is inappropriate in light of the nature of the offense and his character.[3]

[13] Affirmed.

Pyle, J., and Tavitas, J., concur.

---

[3] To the extent McFarland contends that his sentence is inappropriate based on his character because he worked two jobs to support his girlfriend and young son, maintained positive relationships with and supported members of his family, and accepted responsibility by expressing remorse and pleading guilty to the offenses, we note that while this reflects positively on him we cannot say that it warrants a downward reduction of his sentence. *See Appellant's Br.* at 11, *Tr. Vol. II* at 40, 43, 45-45, 50