## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



FILED

Sep 17 2020, 7:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney L. Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Corey S. Mack,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 17, 2020

Court of Appeals Case No.
20A-CR-941

Appeal from the
Miami Circuit Court

The Honorable
Timothy P. Spahr, Judge

Trial Court Cause No.
52C01-1804-F2-8

**Kirsch, Judge.**

[1] Corey S. Mack ("Mack") pleaded guilty to possession of methamphetamine[1] as a Level 5 felony and was sentenced to six years with four years executed and two years suspended to probation. Mack appeals and raises the following restated issue for our review: whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] On March 27, 2018, officers with the Peru Police Department were contacted by a confidential informant who told them that Mack had agreed to sell her "an ounce of crystal methamphetamine for $1,100." *Appellant's Conf. App. Vol. 2* at 133. Later that afternoon, Mack exchanged approximately 27.86 grams of methamphetamine for $1,100 of photocopied buy money provided by the Peru Police Department to the confidential informant. *Id*. at 92, 133. After the transaction had been completed and Mack had left the location, he was followed by the police and stopped. *Id*. at 133. After the police took Mack into custody, the police recovered the buy money and a small amount of marijuana from inside his vehicle. *Id*.

[4] On April 3, 2018, the State charged Mack with Level 2 felony dealing in methamphetamine, Level 3 felony possession of methamphetamine, and Class

---

[1] *See* Ind. Code § 35-48-4-6.1(b).

B misdemeanor possession of marijuana. *Id*. at 18-20. On January 30, 2020, Mack entered into a plea agreement with the State in which he agreed to plead guilty to Level 5 felony possession of methamphetamine, a lesser-included offense of the originally charged Level 3 felony. *Id*. at 109-10. In exchange, the State agreed to dismiss the remaining counts and recommend that the trial court sentence Mack to the Indiana Department of Correction ("DOC") for a period of six years to be served with a cap of four years executed and two years suspended to supervised probation. *Id*. at 109-10; *Tr. Vol. II* 68-69. The trial court took the plea agreement under advisement and directed the Miami County Probation Department to complete a presentence investigation report ("PSI"). *Tr. Vol. II* at 17.

[5] As part of the PSI, the Miami Probation Department compiled a list of Mack's criminal history. *Appellant's Conf. App. Vol. 2* at 117-20. As a juvenile, he had one delinquency adjudication for reckless driving. *Id*. at 117, 120. As an adult, Mack had been arrested thirteen times and had been convicted of five prior felonies and four prior misdemeanors. *Id*. at 120. Specifically, Mack had convictions for Class C felony possession of a controlled substance, Class D felony possession of marijuana, Class D felony dealing in marijuana, Class C felony conspiracy to commit dealing in marijuana, Class C misdemeanor operating a vehicle while intoxicated, Class B misdemeanor criminal mischief, Class A misdemeanor invasion of privacy, and Class A misdemeanor domestic battery. *Id*. at 117-20. Mack's criminal history also included multiple occasions

where he had violated the terms and conditions of his probation, which resulted in revocation of that probation. *Id*. at 117-20.

[6] The PSI also contained information about Mack's substance abuse history. Mack reported that his "drug of choice" was marijuana and that he had last used marijuana in January 2018, which was shortly before he was arrested for the instant offense. *Id*. at 122. Mack also admitted he had used cocaine in the past but was unsure as to how many times; he had tested positive for cocaine while on probation in 2010. *Id*. As a result of his prior convictions for drug-related offenses, Mack was ordered to complete outpatient therapy, which he completed at Community Counseling in 2000. *Id*. In 2009, he was referred to Thinking for a Change and successfully completed that program in April 2010. *Id*. Mack denied using any other substances and stated he "does not feel he has a problem with the use of alcohol or drugs." *Id*.

[7] On March 26, 2020, the trial court accepted the plea agreement and sentenced Mack. *Tr. Vol. II* at 62, 67. The trial court found Mack's lengthy criminal history and that fact that he was on probation when he committed the present offense as aggravating circumstances and found the fact that Mack had pleaded guilty and saved the State the time and expense of a trial to be a mitigating circumstance. *Appellant's Conf. App. Vol. 2* at 155-56. However, the trial court found Mack's guilty plea to be of little mitigating weight because he received a benefit of having two charges dismissed and was pleading to a reduced count. *Id*. at 155; *Tr. Vol. II* at 63. The trial court then sentenced Mack to an aggregate six-year sentence with four years executed in the DOC and two years

suspended to formal probation.  *Tr. Vol. II* at 67; *Appellant's Conf. App. Vol. 2* at 155-56.  Mack now appeals.

## Discussion and Decision

[8]   Mack asserts that his sentence is inappropriate.  Pursuant to Indiana Appellate Rule 7(B), this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the [c]ourt finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  Our Supreme Court has explained that the principal role of appellate review should be to attempt to leaven the outliers, "not to achieve a perceived 'correct' result in each case."  *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).  We independently examine the nature of Mack's offense and his character under Appellate Rule 7(B) with substantial deference to the trial court's sentence.  *Satterfield v. State*, 33 N.E.3d 344, 355 (Ind. 2015).  "In conducting our review, we do not look to see whether the defendant's sentence is appropriate or if another sentence might be more appropriate; rather, the test is whether the sentence is 'inappropriate.'"  *Barker v. State*, 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied*.  Whether a sentence is inappropriate ultimately depends upon "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case."  *Cardwell*, 895 N.E.2d at 1224.  Mack bears the burden of persuading us that his sentence is inappropriate.  *Id*.

[9] Mack argues that the trial court's ordering him to serve four years of his six-year sentence in the DOC is inappropriate in light of the nature of his offense and his character. He asserts that his offense was not egregious or otherwise remarkable, and the quantity of methamphetamine he possessed was accounted for in the elevation of his felony to a Level 5 felony. Mack further contends that his sentence is inappropriate as to his character because he accepted responsibility by pleading guilty, had a strong bond with his daughter and believed missing a significant period of her childhood would be detrimental to her development, and had shown a change in his thinking while in jail awaiting trial.

[10] Here, Mack pleaded guilty to Level 5 felony possession of methamphetamine. A person who commits a Level 5 felony shall be imprisoned for a fixed term of between one and six years, with the advisory sentence being three years. Ind. Code § 35-50-2-6(b). Therefore, the maximum sentence Mack could have received from the trial court was six years. The trial court sentenced Mack to an aggregate six-year sentence with four years executed in the DOC and two years suspended to formal probation, which was the sentence recommended in the plea agreement. *Tr. Vol. II* at 67; *Appellant's Conf. App. Vol. 2* at 109-10, 155-56.

[11] As this court has recognized, the nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation. *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). "When determining the appropriateness of a sentence that deviates from an advisory

sentence, we consider whether there is anything more or less egregious about the offense as committed by the defendant that 'makes it different from the typical offense accounted for by the legislature when it set the advisory sentence.'" *Moyer v. State*, 83 N.E.3d 136, 142 (Ind. Ct. App. 2017) (quoting *Holloway v. State*, 950 N.E.2d 803, 807 (Ind. Ct. App. 2011)), *trans. denied*. Here, the evidence showed that Mack sold the confidential informant approximately 27.86 grams of methamphetamine in exchange for $1,100. Although he maintains that that "the quantity of methamphetamine [he possessed] [was] accounted for in the elevation of the felony to a Level 5," his argument is unpersuasive. *Appellant's Br.* at 8. Despite the fact that he ultimately pleaded guilty to a Level 5 felony, Mack possessed approximately 27.86 grams of methamphetamine. The amount of methamphetamine required to support a Level 5 felony is between five and ten grams. *See* Ind. Code § 35-48-4-6.1(b)(1). Therefore, Mack possessed nearly three times the amount of methamphetamine necessary to support his conviction for Level 5 felony possession of methamphetamine. Mack's offense was thus more egregious than the "typical" offense of Level 5 felony possession of methamphetamine accounted for by the legislature. *See Holloway*, 950 N.E.2d at 806-07 ("One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the 'typical' offense accounted for by the legislature when it set the advisory sentence.").

[12]     The character of the offender is found in what we learn of the offender's life and conduct. *Perry*, 78 N.E.3d at 13. When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). The evidence showed that Mack had a lengthy criminal history consisting of convictions for Class C felony possession of a controlled substance, Class D felony possession of marijuana, Class D felony dealing in marijuana, Class C felony conspiracy to commit dealing in marijuana, Class C misdemeanor operating a vehicle while intoxicated, Class B misdemeanor criminal mischief, Class A misdemeanor invasion of privacy, and Class A misdemeanor domestic battery. *Appellant's Conf. App. Vol. 2* at 117-20. Significantly, nearly all of Mack's criminal history is drug related. "'Even a minor criminal record reflects poorly on a defendant's character.'" *Morris v. State*, 114 N.E.3d 531, 539 (Ind. Ct. App. 2018) (quoting *Reis v. State*, 88 N.E.3d 1099, 1105 (Ind. Ct. App. 2017)), *trans. denied*. When comparing his criminal history to his current offense, Mack's drug related criminal history is significant and reflects poorly on his character.

[13]     Mack's criminal history also included multiple occasions where he had violated the terms and conditions of his probation, resulting in revocation of that probation. *Appellant's App. Vol. 2* at 117-20. He was also on probation at the time he committed the present offense. *Id*. at 120. Mack also has been previously committed to the DOC on three prior separate occasions. *Id*. Despite these opportunities for rehabilitation, Mack continued to commit crimes, most of which were drug related. Additionally, Mack had a history of

substance abuse that he had failed to remedy. *Id*. at 122. His "drug of choice" was marijuana, and he reported that he had last used marijuana in January 2018, which was shortly before he was arrested for the instant offense. *Id*. Mack also reported having used cocaine in the past and had tested positive for cocaine in violation of his probation in 2010. *Id*. Notwithstanding his history with illegal substances, Mack told the probation department that he did not "feel he has a problem with the use of alcohol or drugs." *Id*. As a result of his prior convictions for drug-related offenses, Mack had been ordered to participate in outpatient therapy at Community Counseling in 2000 and had been referred to Thinking for a Change in 2010. *Id*. However, these programs did not seem to change Mack's behavior or lead to an opportunity for rehabilitation.

[14] Further, although he pleaded guilty, he did not take full responsibility for his crime. In providing his account of what occurred to the probation department, Mack stated that he was "trapped into this by the police" and indicated that he had been manipulated into committing his offense. *Id*. at 122-23. Mack has not shown that his sentence is inappropriate in light of the nature of the offense and the character of the offender. We, therefore, affirm the sentence imposed by the trial court.

[15] Affirmed.

Pyle, J., and Tavitas, J., concur.