

IN THE

# Court of Appeals of Indiana

Taylor D. Hunt,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

Jan 09 2026, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

January 9, 2026

Court of Appeals Case No.
25A-CR-1260

Appeal from the Allen Superior Court

The Honorable Steven O. Godfrey, Judge

Trial Court Cause No.
02D04-2308-F3-000058

---

**Opinion by Judge Felix**
Judges Brown and Scheele concur.

**Felix, Judge.**

## Statement of the Case

While driving to pick up his kids, Taylor Hunt passed out behind the wheel of his vehicle at a stop light. Law enforcement officers removed Hunt from the vehicle and found a firearm as well as two plastic bags of suspected methamphetamine on Hunt's person. The State charged Hunt with possession of methamphetamine while in possession of a firearm and unlawful possession of a firearm by a serious violent felon. The trial court found Hunt guilty as charged, entered a conviction on the possession of methamphetamine count, and sentenced Hunt to 12 years of incarceration. Hunt now appeals, raising two issues for our review, which we restate as follows:

1. Whether the State presented sufficient evidence to support Hunt's conviction for possession of methamphetamine; and
2. Whether Hunt's sentence is inappropriate under Indiana Appellate Rule 7(B).

We affirm.

## Facts and Procedural History

On August 22, 2023, Sergeant David Klein of the Fort Wayne Police Department observed Hunt's vehicle stopped at the intersection of Coldwater Road and Cook Road. *Id.* Hunt had failed to proceed through the intersection for several light cycles. Sergeant Klein observed that Hunt's vehicle's brake lights were on, indicating that Hunt's foot was on the brake and the vehicle "could go in motion" or was "still in gear, not in park." *Id.* at 27.

Sergeant Klein approached Hunt's vehicle and found Hunt "unconscious in the [driver's] seat with his head tilted back," Tr. Vol. II at 16, and observed a "hand rolled joint" on Hunt's waistband, *id*. at 17. Wanting to avoid startling Hunt awake and causing an accident, Sergeant Klein attempted to unlock Hunt's vehicle through an open rear window so that he could put the vehicle in park and secure Hunt's keys before "address[ing] the situation." *Id*. at 26. While Sergeant Klein was "reaching in to unlock the door[,] the vehicle started rolling forward." *Id*. at 18. Sergeant Klein yelled, "[P]olice, stop," a "couple times," and Hunt "suddenly became conscious" and "stopped the vehicle." *Id*. Sergeant Klein "reached in" to "ma[k]e sure the vehicle was in park" and "took the keys out." *Id*.

Once Hunt was conscious, he stated upon inquiry that he had a handgun in his possession. Sergeant Klein removed a 9-millimeter handgun from Hunt's waistband. During a subsequent search of Hunt's person, Detective William Turriff removed a "couple of baggies" of multicolored tablets from Hunt's front left pocket. Tr. Vol. II at 38. Hunt told officers that the tablets were ecstasy but "would test positive for methamphetamine." *Id*. at 69. A records check revealed that Hunt was out on parole following a robbery conviction.

The State charged Hunt with possession of methamphetamine as a Level 3 felony[1] and unlawful possession of a firearm by a serious violent felon as a

---

[1] Ind. Code § 35-48-4-6.1(d)(2).

Level 4 felony[2]. At Hunt's bench trial, the two bags of tablets found on his person were individually marked as State's Exhibits 4 and 5. Andrew England, a forensic scientist in the Drug Unit at the Indiana State Police Forensic Services Division, testified that he received one of the "baggies," marked State's Exhibit 5, for testing. Tr. Vol. II at 38. England testified that State's Exhibit 5 contained "multicolored tablets" with an "F symbol marked on them." *Id*. at 57. England "randomly selected" and analyzed one of the tablets from State's Exhibit 5, *id*. at 65, and concluded that it "contained methamphetamine," *id*. at 58. The single tablet that he tested weighed 0.28 grams. The remaining tablets in State's Exhibit 5 weighed 17.84 grams. The tablets in State's Exhibit 4 were not weighed or tested. The trial court found Hunt guilty as charged but only entered a conviction on the possession of methamphetamine count, and it sentenced Hunt to 12 years of incarceration. This appeal ensued.

## Discussion and Decision

### 1. The State Presented Sufficient Evidence to Support Hunt's Conviction

[7] Hunt argues that the State presented insufficient evidence at trial to support his conviction for possession of methamphetamine as a Level 3 felony. Our standard of review for such a claim is as follows:

> "A conviction is supported by sufficient evidence if 'there is substantial evidence of probative value supporting each element

---

[2] I.C. § 35-47-4-5(c).

of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.'" *Hancz-Barron v. State*, 235 N.E.3d 1237, 1244 (Ind. 2024) (quoting *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015)). This Court reviews only the evidence most favorable to the verdict and the reasonable inferences therefrom, and will reverse only where it is shown that "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Teising* [*v. State*], 226 N.E.3d [780,] 783 [(Ind. 2024)].

*Konkle v. State*, 253 N.E.3d 1068, 1090–91 (Ind. 2025). We do not reweigh the evidence or reassess witness credibility. *Id.* at 1090 (quoting *Teising*, 226 N.E.3d at 783).

[8] In order to convict Hunt of possession of methamphetamine as a Level 3 felony, the State had to prove beyond a reasonable doubt that Hunt knowingly or intentionally possessed methamphetamine in an amount of "at least ten (10) but less than twenty-eight (28) grams and an enhancing circumstance applies." Ind. Code § 35-48-4-6.1(d)(2). Hunt argues only that the State failed to prove that "he possessed at least ten (10) grams of methamphetamine" because only one tablet from Exhibit 5 was analyzed, and that tablet only weighed 0.28 grams.[3] Appellant's Br. at 13. At trial, Detective Turriff testified that he removed Exhibits 4 and 5 from Hunt's left pocket, and Officer Dalton Waidelich testified that Hunt told him the tablets "would test positive for methamphetamine," Tr. Vol. II at 69. England testified that he received the

---

[3] Hunt does not dispute that an enhancing circumstance applies.

bag of tablets marked Exhibit 5 for testing, randomly selected and tested one tablet from Exhibit 5, and the results revealed the tablet to be methamphetamine. England described Exhibit 5 as a bag containing "multicolored tablets," all with an "F symbol marked on them." *Id.* at 57.

[9] Hunt claims that there was insufficient evidence to show the untested tablets were also methamphetamine. This argument is merely a request for us to reweigh the evidence, which we will not do. *See Konkle*, 253 N.E.3d at 1090. The trial court was permitted to infer that the untested tablets—contained in the same bag and all stamped with an "F"—were methamphetamine based on the positive methamphetamine test result from the single tablet that was tested. *See Woodford v. State*, 752 N.E.2d 1278, 1283 (Ind. 2001) (determining that a positive cocaine result from a representative sample consisting of two out of nine rocks was sufficient evidence that the untested rocks were also cocaine). On these facts, we conclude that the single pill taken from the bag filled with other pills bearing the same marking is a sufficient representative sample from which a factfinder could infer that the untested pills were made up of the same substance as the representative sample. This is especially true when, as here, the person from whom the pills were seized told officers that the tablets would test positive for methamphetamine. Thus, we conclude that there was sufficient evidence to convict Hunt of possession of at least ten grams of methamphetamine.

## 2. Hunt's Sentence Is Not Inappropriate under Appellate Rule 7(B)

Hunt argues his sentence is inappropriate under Appellate Rule 7(B) and should be revised. The Indiana Constitution authorizes us to independently review and revise a trial court's sentencing decision. *Russell v, State*, 234 N.E.3d 829, 855–56 (Ind. 2024) (citing Ind. Const. art. 7, §§ 4, 6; *Jackson v. State*, 145 N.E.3d 783, 784 (Ind. 2020)). That authority is implemented through Appellate Rule 7(B), which permits us to revise a sentence if, "after due consideration of the trial court's decision, [we] find[] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Konkle*, 253 N.E.3d at 1092 (quoting *McCain v. State*, 148 N.E.3d 977, 985 (Ind. 2020)).

Our Supreme Court has explained our role under Appellate Rule 7(B) as follows:

> "[O]ur constitutional authority to review and revise sentences boils down to our collective sense of what is appropriate," *Cramer [v. State]*, 240 N.E.3d [693,] 698 [(Ind. 2024)] (quoting *Taylor v. State*, 86 N.E.3d 157, 165 (Ind. 2017)), an act that, importantly, is reserved for "exceptional" cases, *id.* (citing *Gibson v. State*, 43 N.E.3d 231, 241 (Ind. 2015)). Determining a sentence's appropriateness thus "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *McCain*, 148 N.E.3d at 985.

*Konkle*, 253 N.E.3d at 1092.

Additionally, the defendant bears the burden of proving that "his or her sentence has met the inappropriateness standard of review." *Konkle*, 253

N.E.3d at 1092 (quoting *Cramer*, 240 N.E.3d at 698). And because sentencing "'is principally a discretionary function in which the trial court's judgment should receive considerable deference,'" a trial court's sentencing decision will generally prevail "unless overcome by compelling evidence portraying in a positive light the nature of the offense . . . and the defendant's character." *Id.* (alteration omitted) (quoting *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015)).

[13] In reviewing the defendant's sentence, "we are not limited to the mitigators and aggravators found by the trial court," *Brown v. State*, 10 N.E.3d 1, 4 (Ind. 2014), and we "focus on the forest—the aggregate sentence—rather than the trees— consecutive or concurrent, number of counts, or length of the sentence on any individual count," *Lane v. State*, 232 N.E.3d 119, 122 (Ind. 2024) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)). Similarly, a defendant "need not 'necessarily *prove*'" that the sentence is inappropriate on both prongs so long as "one of the prongs weighs heavily in favor" of revising the defendant's sentence. *Id.* at 126–27 (quoting *Connor v. State*, 58 N.E.3d 215, 219 (Ind. Ct. App. 2016)) (emphasis in original). Nonetheless, "to the extent the evidence on one prong militates against relief, a claim based on the other prong must be all the stronger to justify relief." *Id.* at 127 (citing *Connor*, 58 N.E.3d at 220).

[14] A trial judge may impose any sentence within the statutory range without regard to the existence of aggravating or mitigating factors. *Anglemyer v. State*, 868 N.E.2d 482, 489 (Ind. 2007), *as amended* (July 10, 2007), *decision clarified on*

*reh'g*, 875 N.E.2d 218 (Ind. 2007). When considering the nature of the offense, we start with the advisory sentence. *Brown*, 10 N.E.3d at 4 (citing *Anglemyer*, 868 N.E.2d at 494). Here, Hunt was convicted of and sentenced on one count of possession of methamphetamine as a Level 3 felony. "A person who commits a Level 3 felony . . . shall be imprisoned for a fixed term of between three (3) and sixteen (16) years, with *the advisory sentence being nine (9) years*." I.C. § 35-50-2-5(b) (emphasis added). The trial court sentenced Hunt to 12 years of incarceration. Hunt's request is that we revise his sentence to "nine (9) years executed or twelve (12) years with three (3) years suspended and on probation." Appellant's Br. at 19.

[15] After determining the advisory sentence, we consider "whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the 'typical' offense accounted for by the legislature when it set the advisory sentence." *T.A.D.W. v. State*, 51 N.E.3d 1205, 1211 (Ind. Ct. App. 2016) (quoting *Holloway v. State,* 950 N.E.2d 803, 806–07 (Ind. Ct. App. 2011)), *as amended* (May 26, 2023). We also consider whether the offense was "accompanied by restraint, regard, and lack of brutality." *Konkle*, 253 N.E.3d at 1093 (quoting *Stephenson*, 29 N.E.3d at 122).

[16] As set forth in more detail above, Hunt was under the influence while driving and passed out at a stoplight with his car still in gear. While Sergeant Klein was reaching in to unlock the rear door, the car started moving forward toward the intersection while Hunt was still unconscious. Despite Hunt's cooperation with arresting officers, nothing about his actions leading up to his arrest

illustrate restraint or regard for his fellow motorists. Further, Hunt admitted that both bags removed from his person would test positive for methamphetamine; yet, Hunt was only charged based on the contents of one of those bags; he also was not charged with driving under the influence.

[17] In considering the character of the offender, "we engage in a broad consideration of a defendant's qualities," *T.A.D.W.*, 51 N.E.3d at 1211 (citing *Aslinger v. State*, 2 N.E.3d 84, 95 (Ind. Ct. App. 2014), *clarified on other grounds on reh'g*), including whether the defendant has "substantial virtuous traits or persistent examples of good character," *Konkle*, 253 N.E.3d at 1093 (quoting *Stephenson*, 29 N.E.3d at 122). "When considering a defendant's character, their criminal history is relevant." *Hancz-Barron*, 235 N.E.3d at 1249 (citing *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013)).

[18] Hunt's presentence investigation report reveals two prior misdemeanor and two prior felony convictions. The report shows multiple instances of revoked probation, and the instant offense was committed while Hunt was on parole. Further, of significant concern is Hunt's affiliation with the "'Gangster Disciples' gang from age 11 until the present." Appellant's App. Vol. II at 74. Hunt has rejected multiple opportunities to reform and has not taken advantage of prior alternatives to incarceration. Based on the foregoing, we cannot say that Hunt has produced compelling evidence demonstrating that the nature of his offense or his character renders his sentence inappropriate. *See Lane*, 232 N.E.3d 119; *Russell*, 234 N.E.3d at 855–56. Hunt's sentence is not inappropriate under Appellate Rule 7(B).

## Conclusion

In sum, the State presented sufficient evidence to support Hunt's conviction for possession of methamphetamine, and Hunt's sentence is not inappropriate under Appellate Rule 7(B). We therefore affirm the trial court on all issues raised.

Affirmed.

Brown, J., and Scheele, J., concur.

ATTORNEY FOR APPELLANT

Gregory L. Fumarolo
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Alexandria Sons
Deputy Attorney General
Indianapolis, Indiana